GEORGE DAVIS, RESPONDENT, *v.* PETER REYNOLDS, APPELLANT.

*Party entitled to sue — Principal and agent.*

APPEAL from a judgment of the Chenango County Court, reversing a judgment of nonsuit in the Justice's Court.

The action was brought to recover the price of a mowing machine sold by plaintiff to the defendant.

The plaintiff testified, among other things, as follows :

I am the plaintiff in this action. I know the defendant, Mr. Reynolds. I sold a mowing machine the forepart of July — a Wood mowing machine, manufactured at Ilion ; I sold in my own name; he promised to pay me ; the price was agreed upon ; it was sixty dollars ; he agreed to pay me that for the machine ; he said, when I was there and started it, he would pay me in three or four weeks ; has not paid me any thing on it.

Cross-examined : I was at the storehouse in Sherburne village ; it was Lobdell & Co.'s storehouse ; was agent for that machine ; I was in the employ of the Remington Agricultural Company ; I swapped one of their new machines for this ; I swapped with Mr. Hubby, in Columbus. I have paid the company for the machine I sold Rey-nolds ; I have not accounted to the company for the sixty dollars I was to have from Reynolds ; I have not written to the company about this machine ; I have seen the agents, but did not tell them I would assume the payment ; I do not keep books of account between

myself and company ; I have not on my books anywhere charged myself with this machine ; I have sold a good many machines for the company ; I have no agreement to guarantee the sale.

The court, at General Term, said : The judgment of the County Court in this case is affirmed. There was but one contract made; that was between these parties. The plaintiff did not disclose his principal, or make known that he was acting for any other than himself. The defendant dealt with the plaintiff alone, and knew of no other party in interest. Since the contract was wholly between these parties, the plaintiff not disclosing the fact that he was not acting solely for himself, and the defendant believing that he was acting solely for himself, the defendant cannot be wronged by insisting upon the contract as so made.

Plaintiff's right of recovery is due to the fact that the contract was made with him alone. That he had the absolute right to receive the pay and discharge the defendant's obligation, and that such payment and discharge would bind the real party in interest, the person or corporation for whom the contract was made.

The defendant, by his answer, admits that the contract was made with plaintiff, substantially as alleged; and that such contract was supported by a good consideration moving from the plaintiff. Under such circumstances, we do not think the defendant can interpose the relative rights existing between plaintiff and a third party, by way of a defense to his own contract, made without knowledge of such rights, and without the pretense of any injury or possibility of injury by reason thereof.

*Isaac S. Newton,* for appellant.     *D. L. Atkyns,* for respondent.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed, with costs.